# A. J. Miller, Appellee, v. Assureds' National Mutual Fire Insurance Company, Appellant.

1. INSURANCE—*when acceptance established.* Held, under the evidence, that acceptance by the insured of the policy in suit was established.

2. EVIDENCE—*when declarations of agent incompetent.* Declarations by an agent after his authority as such has ceased are incompetent as against his principal.

Assumpsit. Appeal from the Circuit Court of Macon county; the Hon. W. C. JOHNS, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded. Opinion filed October 14, 1911.

A. M. FITZGERALD, for appellant; WHITLEY & FITZGERLD, McGINLEY & WILEY and GILLESPIE & FITZGERALD, of counsel.

LEFORGEE, VAIL & MILLER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action in assumpsit upon an insurance policy, purporting to cover property owned by the plaintiff, judgment was rendered against the defendant for $2033.17. The case was tried by the court without a jury.

Prior to and during November, 1909, the plaintiff, who resided at Frankfort, Indiana, was the owner of a brick building located in Varna, Illinois. Prior to that time the property had been insured in the Illinois National Fire Insurance Company, and was at the time in the hands of a receiver. The policy in suit, by its terms, insures the property therein described against all direct loss or damage by fire, from the twenty-ninth day of November, 1909, to the sixteenth

day of July, 1912.    It contains the following provision:

"This policy is sent subject to the approval of the assured and will not be in effect until after the assured has notified the company at its office in Decatur, Illinois, of his acceptance of the policy, and received the company's acknowledgment of the same."

It is not denied that the policy was issued and sent to the plaintiff's agent.    The principal question presented by this appeal, is as to whether the policy in suit became a binding contract between the parties. The evidence bearing upon such issue consists entirely of letters exchanged between the defendant company and the plaintiff's son and agent, L. A. Miller.    A number of the letters in question refer in part to other insurance carried by the plaintiff in the defendant company, and we shall only quote such portions thereof as we regard material to the present controversy.

On November 19, 1909, the defendant, in a letter to L. A. Miller, states, among other things, that it was taking over the business of the Illinois National Company.    On November twenty-first, Miller replied that he noted that the defendant had taken over the business of the Illinois National Company; that he had a $2,000 policy covering the Varna property, which it seemed the defendant had not taken over, inasmuch as the receiver for the Illinois Company had asked him to file a claim for the amount of the premium paid, and that he took it for granted that the policy was worthless.    On November twenty-seventh, the defendant replied, stating that it had instructed the policy clerk to forward to L. A. Miller a policy for $2,000 to cover the Illinois National Policy on the property in question that had not been sent him; and further, that when Miller forwarded to it the latter policy, it would collect the return premium from the Illinois National and apply the same when collected, upon the policy in suit, and further, that it was taking over the business of the

Illinois National as fast as it could.

On November thirtieth, Miller replied to the effect that he was in receipt of the last letter and of the policy "which you propose to issue in place of policy number 37909, formerly issued by the Illinois National, on property in Varna, Illinois, in the name of A. J. Miller. This policy you have sent is satisfactory and I will accept same providing I can have credit for the value of the old policy at once and pay the difference, but would want this new policy to be in force from the date on same," and stating further, that the old policy on the Varna property had been forwarded to the Receiver of the Illinois National, but that he supposed it could be recalled. On December sixth, the defendant wrote Miller stating, among other things, that it enclosed to him an assignment blank for the Illinois National return premium; that it could take this and recall the order that he had sent to the receiver. On December tenth, Miller claims to have written a letter to the defendant, which the defendant denies ever having received, in which he acknowledged receipt of the letter of December sixth, stating that he was enclosing the assignment of the old policy signed, "with the understanding that the return premium is to be credited on the new policy that you issued on the Varna property, and that I am to pay the difference in amounts and that the policy is now in effect. Will send you the difference as soon as you send me a statement of the amount."

Whether such letter was written and mailed to the defendant as claimed, was a question of fact. The finding of the trial judge in the affirmative was not clearly against the weight of the evidence and is therefore conclusive. On December twenty-third, L. A. Miller, by letter, advised the defendant that he had learned that the property covered by the policy in suit had been entirely destroyed by fire on December 20,

1909, and requested the defendant to send to the plaintiff a blank form of loss. The defendant at once disclaimed any liability under the policy, claiming, as it still does, that its action in sending the policy to the agent of the plaintiff did not amount to a delivery thereof so as to constitute a completed contract between the parties; that it was tendered to the plaintiff for examination merely, to be accepted by him if satisfactory.

We think that the sending of the blank assignment to Miller, upon receipt of his letter of November thirtieth, can fairly and properly be considered as an acceptance of his proposition to accept the policy in suit upon condition that the return premium to be collected from the receiver of the Illinois National be credited upon the premium due upon the policy in controversy. Had the defendant been unwilling to assent thereto it undoubtedly would have so expressed itself, and not forwarded the assignment blank without comment. The letter of Miller dated December tenth, was but a re-statement by him of his understanding of the arrangement as to the manner of paying the premium and not a counter-proposition.

The present judgment must, however, be reversed, because of the absence of any competent proof in the record of any damage or loss to the property. L. A. Miller testified that the building was worth $5,000 before the fire, and that it was a total loss; he admitted, however, that he had not seen the property since the fire. No other evidence was produced on this point. The testimony of Miller was purely hearsay in its nature, and should not have been considered by the court in determining the issues.

The defendant offered to prove upon the trial, that L. A. Miller, after the alleged fire had occurred, made statements in writing to a commercial agency, to the effect that there was no insurance upon the property

at the time of such fire.    Such evidence was incompetent, for the reason that at the time the statements were alleged to have been made, L. A. Miller was no longer the agent of plaintiff in the matter, and his admissions could not be binding against him.    Neither was it competent for the purpose of impeachment, inasmuch as no foundation appears to have been laid.

For the reasons indicated, the judgment of the circuit court must be reversed and the cause remanded.

*Reversed and remanded.*